IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| **LAURA SCHMIDT DOW,** § | | |
| Petitioner, § | | |
| § | | |
| V. § | A-05-CV-965-LY | |
| § | | |
| **DOUG DRETKE, Director, Texas Dept.** § | | |
| **of Criminal Justice-Correctional Institutions** § | | |
| **Division,** § | | |
| Respondent. § | | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

To:   The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Respondent's Answer (Document 12). Petitioner, proceeding pro se, has paid the appropriate filing fee. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed as time-barred.

**I. STATEMENT OF THE CASE**

**A.   Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 299th District Court of Travis County, Texas, in cause

number 9024077, styled The State of Texas v. Laura Schmidt Dow.  Ex parte Dow, Appl. No. 60,348-01 at 12.  On April 30, 2002, a jury convicted Petitioner of solicitation of capital murder and assessed a fifteen-year sentence.  Id.  The Third Court of Appeals affirmed the judgment on April 24, 2003.  Dow v. State, No. 03-02-00515-CR, 2003 WL 1922435 (Tex. App.–Austin 2003). The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review on December 17, 2003.  Dow v. State, PDR No. 1043-03.

Petitioner also challenged her conviction in a state application for habeas corpus relief. Petitioner filed her state application on September 9, 2004.  Ex parte Dow at 34.  The Texas Court of Criminal Appeals denied the application on November 10, 2004.  Id. at cover.  Petitioner attempted to file a second state writ application on December 13, 2004, but the Texas Court of Criminal Appeals dismissed her application on April 13, 2005, for noncompliance with appellate rules. Ex parte Dow, Appl. No. 60,348-02 at cover, 53.  Petitioner filed a third state application on June 16, 2005, and the Texas Court of Criminal Appeals dismissed it as an abuse of the writ on October 19, 2005.  Ex parte Dow, Appl. No. 60,348-03 at cover, 34.

**B.**     **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. Petitioner was denied effective assistance of counsel; and

2. Petitioner was convicted through the prosecution's failure to disclose evidence favorable to the defendant.

**C.      Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted her state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## II.   DISCUSSION AND ANALYSIS

**A.      The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[1] The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

**B.     Application**

Petitioner's conviction became final, at the latest, on March 16, 2004, at the conclusion of time during which she could have filed a petition for writ of certiorari with the United States Supreme Court.  See SUP. CT. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").  The Texas Court of Criminal of Appeals refused Petitioner's petition for discretionary review on December 17, 2003, and the ninety days expired March 16, 2004.

At the time Petitioner filed her first state application for habeas corpus relief on September 9, 2004, the limitations period had run for 177 days.  The Texas Court of Criminal Appeals denied the application on November 10, 2004.  Id. at cover.  At that time, 188 days remained of the one-year limitations period.  Therefore, Petitioner had until May 17, 2005, to timely file a federal application for habeas corpus relief.

Petitioner did not date her federal application for writ of habeas corpus, but made reference to "October 19, 2005" in her application.  Accordingly, October 19, 2005, would be the earliest date Petitioner could have filed her application.  This is 155 days after the limitations period had expired.

Petitioner's second state application did not operate to toll the limitations period.  A state application for writ of habeas corpus must be *properly* filed in order to toll the one year statute of limitations under the AEDPA during the state court's review.  28 U.S.C. § 2244(d)(2) (emphasis added). An application for state writ of habeas corpus is "properly filed" for purposes of 28 U.S.C. § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable [state] laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361, 364 (2000). Petitioner

attempted to file a second state application for writ of habeas corpus on December 13, 2004. <u>Ex Parte Dow</u>, Appl. No. 60,348-02 at 35. However, the Texas Court of Criminal Appeals dismissed Petitioner's second state application on April 13, 2005, for failure to comply with Rule 73.2 of the Texas Rules of Appellate Procedure.[2] Therefore, Petitioner did not properly file her application, and the limitations period was not subject to statutory tolling during the time her second state application was pending in state court.

Petitioner's third state application also did not operate to toll the limitations period. Petitioner filed her third state application on June 16, 2005, after the limitations period had already expired.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that she did not know the factual predicate of her claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III. RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

---

[2] Rule 73.2 of the Texas Rules of Appellate Procedure provides: "The clerk of the convicting court will not file an application that is not on the form prescribed by the Court of Criminal Appeals, and will return the application to the person who filed it, with a copy of the official form. The clerk of the Court of Criminal Appeals may, without filing an application that does not comply with this rule, return it to the clerk of the convicting court, with a notation of the defect, and the clerk of the convicting court will return the application to the person who filed it, with a copy of the official form." TEX. R. APP. P. 73.2

## IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  <u>Battles v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Thomas v. Arn</u>, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

The Clerk is directed to send a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 1st day of June, 2006.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE